**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

RALPH FELICIANO, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

RED MCCOMBS HYUNDAI NORTHWEST GP, L.L.C.,

*Defendant*.
_____________________________________________/

**CLASS ACTION**

**Case No. 5:26-cv-00200**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Ralph Feliciano ("Plaintiff"), brings this action against Defendant, Red McCombs Hyundai Northwest GP, L.L.C. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. This case arises from Defendant's transmission of prerecorded voice messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers consent or privacy rights.

4. Defendant is an automobile dealership engaged in the sale of vehicles and automotive services to consumers, based out of Texas.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumer's rights under the TCPA.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court of Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Western District of Texas and, on information and belief, Defendant has sent the same prerecorded voice messages complained of by Plaintiff to other

individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Western District of Texas.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Bexar County, Texas.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 5901 ("5901 Number") that received Defendant's telephonic sales calls and messages.

11. Defendant is a limited liability company with its principal place of business located at 13663 Interstate 10 San Antonio, TX 78249.

12. Defendant directs, markets, and provides its business activities throughout the United States, including the State of Texas.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14. Defendant is an automobile dealership engaged in the sale of vehicles and automotive services to consumers, based out of Texas.

15. On or about September 2025, Defendant called with a prerecorded message to be transmitted to Plaintiff's 5901 Number from Defendant's phone number (210) 702-2013.

16. Because Plaintiff did not answer his telephone after it rang, a voicemail containing a prerecorded message was left on Plaintiff's phone.

17. The following is a sample transcript of a voicemail that was left in Plaintiff's voicemail box on September 20, 2025.



18. After receiving no response from Plaintiff, Defendant escalated its campaign by switching to text message solicitations from a different telephone number. Beginning on September 21, 2025, Defendant sent or caused to be sent approximately five telemarketing text messages to Plaintiff's 5901 Number from telephone number (210) 361-9321, as shown below:



19. The prerecorded calls Plaintiff received originated from telephone number (210) 702-2013, a telephone number owned and/or operated by or on behalf of Defendant.

20. The telemarketing text messages Plaintiff received originated from telephone number (210) 361-9321, a telephone number owned and/or operated by or on behalf of Defendant.

21. The prerecorded call and messages at issue were transmitted to Plaintiff's cellular telephone within the time frame relevant to this action.

22. When Plaintiff listened to the voicemail, he was easily able to determine that it was a prerecorded message. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

23. Defendant's prerecorded calls constitute telemarketing because they encourage the future purchase or investment in property, goods, and/or services, i.e., vehicle services.

24. Defendant sent or caused to be sent the prerecorded voice calls and messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial district.

25. Defendant's calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

26. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted with a prerecorded call and messages.

27. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's cellular telephone with marketing calls using a prerecorded voice.

28. Plaintiff has no existing business relationship with Defendant.

29. Plaintiff is the subscriber and sole user of the 5901 Number and is financially responsible for it.

30. Plaintiff's 5901 Number is his cellular telephone number used for personal purposes. Plaintiff's number is his primary way of being contacted in his home.

31. Plaintiff registered his 5901 Number with the national do-not-call registry on December 4, 2020, and has been registered at all times relevant to this action.

32. Defendant's unsolicited prerecorded call and text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. *See Patriotic Veterans, Inc. v. Zoeller*, No. 16- 2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

33. Defendant's unsolicited voice and text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted five minutes reviewing all of Defendant's unwanted call.

34. Furthermore, Defendant's voice messages took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited voice messages like Defendant's poses a real risk of ultimately rendering the phone unusable for voice messaging purposes as a result of the phone's memory being taken up.

35. Defendant's voice messages also can slow cell phone performance by taking up space on the recipient phone's memory.

## CLASS ALLEGATIONS

### PROPOSED CLASS

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

37. Plaintiff brings this case on behalf of a Classes defined as follows:

> **Prerecorded Voice Class: All persons in the United States who, within four years prior to the filing of this action through the date of class certification, were sent a prerecorded voice call on their cellular telephone by or on behalf of Defendant regarding or related to Defendant's property, goods, and/or services, without their prior express written consent.**
>
> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

38. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Classes but believes the Class members number in the several thousands, if not more.

### Numerosity

39. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United

States without their prior express consent and to numbers registered on the Do Not Call registry. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

40. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**Common Questions of Law and Fact**

41. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a. Whether Defendant made non-emergency prerecorded telemarketing calls to Plaintiff's and Class members' cellular telephones;

b. Whether Defendant violated 47 C.F.R. § 64.1200(c) by calling numbers on the Do Not Call Registry;

c. Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

d. Whether Defendant violated the privacy rights of Plaintiff and members of the classes;

e. Whether Defendant's conduct was knowing and willful;

f. Whether Defendant is liable for damages, and the amount of such damages; and

g. Whether Defendant should be enjoined from such conduct in the future.

42. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

43. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**Protecting the Interests of the Class Members**

44. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**Proceeding Via Class Action is Superior and Advisable**

45. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

46. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another

may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA 47 U.S.C. § 227(b)(1)(A)**
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

47. Plaintiff re-alleges and incorporates paragraphs 1-47 as if fully set forth herein.

48. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

49. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

50. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

51. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

52. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

53. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. Id.

54. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**COUNT II**
**Violation of the TCPA 47 U.S.C. § 227**
**(On Behalf of the Plaintiff and the Do Not Call Registry Class)**

55. Plaintiff repeats and re-alleges paragraphs 1 through 47 of this Complaint and incorporates them by reference herein.

56. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

57. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

58. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

59. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

60. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

61. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

62. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT III**
**Knowing and/or Willful Violation of the TCPA**
**(On Behalf of Plaintiffs and the Class)**

63. Plaintiff re-alleges and incorporates paragraphs 1-47 as if fully set forth herein.

64. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

65. Defendant knew that it did not have prior express consent to transmit artificial or prerecorded voice calls and messages and knew or should have known that its conduct was a violation of the TCPA.

66. Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry and that calling such numbers violated federal regulations.

67. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its prerecorded calls and that their numbers were on the National Do Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA and § 227(c)(5) of the TCPA.

68. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

d. An injunction requiring Defendant to cease all unsolicited calling activity to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Class;

e. An award of actual and statutory damages for Plaintiff and each member of the Classes;

f. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: January 16, 2025

**Shamis & Gentile, P.A.**
*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Texas Bar # 24124558

ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*